UNION SPECIAL SEWING MACH. CO. v. AMERICAN RAVELLER CO. et al.

(Circuit Court, S. D. New York. December 29, 1902.)

1. PATENTS—INVENTION—TRIMMING ATTACHMENT FOR SEWING MACHINES.

The Clark & Murphy patent, No. 324,818, for an improvement on the trimming attachment for sewing machines shown in the Dewees patent, No. 266,783, is void for lack of patentable invention, being an obvious mechanical improvement for bringing the cutting parts into closer contact as they become worn.

In Equity. Suit for infringement of letters patent No. 324,818, for an improved trimming attachment for sewing machines, granted August 25, 1885, to William S. Clark and John F. Murphy. On final hearing.

C. L. Sturtevant and Joseph C. Fraley, for complainant.
John R. Bennett, for defendants.

COXE, Circuit Judge. This is an equity action for the infringement of letters patent, No. 324,818, granted to William S. Clark and John F. Murphy, August 25, 1885, for an improvement upon the trimming attachment patented to J. W. Dewees October 31, 1882, No. 266,783. The Dewees trimmer, unlike those of the prior art, did not cut the fabric which was being trimmed, but accomplished the desired result by means of two blunt-edged toggle jaws, which rocked on each other, and thus pinched off the superfluous fabric. These toggle levers were adjusted to rock in close contact and when in operation were subjected to great pressure, which, in time, wore away the jaws and prevented true contact from being maintained. Dewees provided against this lost motion by making the lower jaw vertically adjustable so that it could be moved up in close contact with the upper jaw. The only serious objection to this arrangement was that in time the jaws were raised above the plane of the work plate. That Dewees contemplated the adjustment of the upper jaw also, should it be deemed necessary, is quite deducible from the following statement in his specification:

"To provide for adjusting edges of the levers or jaws g h toward each other, to take up wear or lost motion, the construction shown in the drawing may be employed."

Clark and Murphy adopted this suggestion and made the upper jaw also adjustable. The specification says:

"The nature of our improvement consists in the combination of the plate or bracket with a cross-plate that is dovetailed on the upper end of the bracket-plate, the upper jaw being attached to said cross-plate, whereby the upper jaw may be adjusted toward the lower jaw in order to take up the wear thereof, and means for clamping the cross-plate to the bracket-plate, as will be more fully set forth hereinafter. * * * The object of our invention is to make the jaws last much longer than they have heretofore, and this we accomplish by means of the devices, whereby we are enabled to adjust the upper jaw also, as previously fully described, and herein shown. It will be seen that the cross-plate, to which the upper jaw is attached, can be adjusted on the bracket-plate for a considerable distance, (nearly half an inch,) and thereby the life of the jaws can be very considerably increased. Another advantage gained by our improved devices is that we are enabled to keep the meeting edges of the jaws always in line with the upper side of the cloth-plate of the sewing machine, which cannot be accomplished when only the lower jaw is adjustable."

The patent contains 5 claims, and four of them are involved, but it will only be necessary to refer to the first, which fully covers the improvement. It is as follows:

"(1) In a trimming attachment for sewing machines, the combination of the bracket-plate, the cross-plate adjustable vertically on the bracket-plate, the lower toggle jaw fulcrumed to the bracket-plate and vertically adjustable, and the upper toggle jaw fulcrumed to the cross-plate, whereby the meeting edges of the jaws may be maintained in line with the cloth-plate of the sewing machine as the jaws wear away, substantially as described."

The only defense argued is the lack of invention. It will be seen that the difficulty in the Dewees mechanism was the ordinary one which occurs when two parts which must be maintained in close contact are worn down by use. The obvious thing to do in such cases is to move the parts so that they will again come together. Dewees had already shown how to do this, but, as the necessity for the downward movement of the upper jaw had not then been demonstrated he showed the movable adjustment only in connection with the lower jaw. As the complainant's counsel correctly state:

"It is true that the earlier Dewees patent No. 266,783 disclosed a means for vertically adjusting the lower jaw for taking up wear, but this adjustment was not sufficient and it was found necessary to adjust the upper jaw."

When it became apparent that the constant raising of the lower jaw above the throat plate prevented the machine from accomplishing the best results, what more natural than the adoption of the obvious expedient of lowering the upper jaw to meet the lower jaw at the proper plane? The necessity for this would occur spontaneously to the skilled workman, and, having once grasped the idea, the means were ready at his hand. Dewees had shown how the adjustment could be made and the mechanic had only to duplicate in the upper jaw the adjusting mechanism of the lower jaw with such obvious mechanical changes occasioned by the new environment as would occur to any skilled machinist. Of course it was necessary to make a compact and firm adjustment with the parts strong enough to withstand the enormous pressure on the levers, but to do this did not call into play anything beyond ordinary skill, especially when the

patent to Gilbert shows adjustable upper and lower knives in trimming attachments for sewing machines.

The court finds it impossible to predicate invention of the natural and almost obvious changes made in the Dewees trimmer by the patentees. Where parts that must be in close contact are worn down by friction there is but one thing to do, namely, move them into close contact again. If the point of contact must be always on a fixed plane it is manifest that both parts must be moved so that their action will be neither above nor below that plane. The patentees saw what any skilled mechanic must have seen and they did what any skilled mechanic must have done. No new result was accomplished. The Dewees attachment operated after the upper jaw had become vertically adjustable precisely as it did before, and the right to use it with one or both jaws adjustable became the property of the public when the Dewees patent expired. Industrial Mfg. Co. v. Wilcox & Gibbs Sewing Mach. Co., 50 C. C. A. 387, 112 Fed. 535.

The bill is dismissed.